**Eugene VISLISEL, Appellant,**

v.

**Thomas K. TURNAGE, Administrator of Veterans Affairs, Appellee.**

No. 90–2653.

United States Court of Appeals, Eighth Circuit.

Submitted March 12, 1991.

Decided March 19, 1991.

Publication Ordered April 9, 1991.

Eugene Vislisel, pro se.

Paul C. Lillios, Cedar Rapids, Iowa, for appellee.

Before ARNOLD, WOLLMAN and BEAM, Circuit Judges.

PER CURIAM.

Eugene Vislisel, who was an applicant for employment at the Veterans Administration Medical Center at Iowa City, Iowa (VAMC), appeals from an order of the district court[1] granting summary judgment on his Title VII claim in favor of Thomas K. Turnage, Administrator of Veterans Affairs. 759 F.Supp. 1366. We affirm.

The district court held that the VAMC had not retaliated against Vislisel for filing a discrimination complaint against the VAMC and a former employer by requiring him to submit to a physical, including, if necessary, a psychiatric examination. While expressing doubt whether referral for a medical examination was an adverse employment action giving rise to a Title VII action, applying the analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), the court concluded that the request for the examination was not prompted by Vislisel's discrimination complaints, but by his behavior. The court characterized Vislisel's behavior exhibited to VAMC personnel as "overly aggressive, demanding, belligerent, obnoxious, ... hostile, argumentative, and peculiar." In the alternative, the court held that Vislisel's claim would fail even if the VAMC had considered the complaints, because the court was convinced that given his behavior, the VAMC would

1. The Honorable David R. Hansen, United States District Judge for the Northern District of Iowa.

have requested the examination in any event. *See Price Waterhouse v. Hopkins,* 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989).

On appeal Vislisel argues that the court erred in applying the *McDonnell Douglas* analysis because there was direct evidence of discrimination. In the alternative, he argues that under the *McDonnell Douglas* analysis, the court erred in finding that the VAMC had rebutted his prima facie case of discrimination. Because this case was fully tried on the merits, we need not review these arguments. Rather, this court need only review the "ultimate factual issue" of whether the district court's finding of no discrimination was clearly erroneous. *United States Postal Serv. Bd. of Governors v. Aikens,* 460 U.S. 711, 715, 103 S.Ct. 1478, 1481, 75 L.Ed.2d 403 (1983). Our review of the record convinces us that the district court's finding that the VAMC did not retaliate against Vislisel is amply supported by the record.[2]

Accordingly, we affirm on the basis of the district court's thorough opinion. *See* 8th Cir.R. 47B.

---

**2.** We note that in *Jackson v. St. Joseph State Hospital,* 840 F.2d 1387, 1391 (8th Cir.), *cert. denied,* 488 U.S. 892, 109 S.Ct. 228, 102 L.Ed.2d 218 (1988), this court stated that "Title VII protection from retaliation for filing a complaint does not clothe the complainant with immunity for ... uncivil conduct.... The public ...

should not have to suffer waste of public funds in countenancing the arrogant and bizarre conduct exhibited by [appellant]." Nor was Vislisel's behavior protected by the first amendment. *Cf. Connick v. Myers,* 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983).